DAN–XIA CAO, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 06–2609–ag.

United States Court of Appeals,
Second Circuit.

Jan. 17, 2007.

Michael Brown, New York, NY, for Petitioner.

Paul I. Perez, United States Attorney for the Middle District of Florida, Tamra Phipps, Karin B. Hoppmann, Assistant United States Attorneys, Tampa, FL, for Respondent.

PRESENT: Hon. WALKER, Hon. CHESTER J. STRAUB, and Hon. ROBERT D. SACK Circuit Judges.

**SUMMARY ORDER**

Petitioner Dan–Xia Cao, a native and citizen of the People's Republic of China, seeks review of a May 10, 2006 order of the BIA affirming the January 19, 2005 decision of Immigration Judge ("IJ") Brigitte LaForest denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dan–Xia Cao,* No. A 78 848 711 (B.I.A. May 10, 2006), *aff'g in part* No. A 78 848 711 (Immig. Ct. N.Y. City Jan. 19, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., minus the IJ's adverse credibility determination which was vacated on appeal. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). To the extent that the BIA adopted and supplemented the IJ's burden of proof analysis, noting Cao's lack of corroborating evidence, the Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005)

Because the BIA was not specific as to why Cao failed to establish eligibility for relief, and because we will not hypothesize the reasoning of the agency, *see Shi Liang Lin v. U.S. Dep't of Justice,* 416 F.3d 184, 192 (2d Cir.2005), we assume that the IJ's finding that Cao could relocate was the basis for the BIA's conclusion that Cao failed to prove her claims. The IJ found that "[Cao] has failed to demonstrate that she could not have internally relocated." When an asylum or withholding applicant fears future persecution by her government, relocation to avoid persecution is presumed to be unreasonable. 8 C.F.R. §§ 1208.13(b)(3)(ii); 1208.16(b)(3)(ii). Instead, it is the burden of the Department of Homeland Security

to demonstrate, by a preponderance of the evidence, that the applicant faces an insufficient likelihood of future persecution because she could relocate to avoid persecution in her country of removal and it would be reasonable to do so under all the circumstances. *Id.* Because the IJ's analysis errs in placing the burden on Cao to demonstrate that she could not relocate to avoid persecution, the IJ's relocation finding cannot support the denial of asylum and withholding of removal.

■ As for CAT relief, an applicant's ability to relocate in her country of removal to avoid torture is just one of many factors an adjudicator should consider in the CAT eligibility analysis. *See* 8 C.F.R. § 1208.16(c)(3)(ii). Even if the IJ's finding that Cao could relocate within China to avoid torture properly placed the burden on Cao to prove otherwise, the IJ's reasoning in support of this determination was not supported by substantial evidence. *See Hong Ying Gao v. Gonzales,* 440 F.3d 62, 66, 71 (2d Cir.2006). While the IJ believed that Chinese officials would not likely search for Cao, allowing her to relocate, because she was neither a Falun Gong leader or advocate, the State Department's June 2004 *China: Profile of Asylum Claims and Country Conditions* in the record indicated that any Falun Gong practitioner, regardless of notoriety, was in jeopardy. This report undermined the IJ's reasoning, which cited to no record evidence for support. Therefore, the IJ's reasoning that Cao could relocate in order to avoid persecution or torture lacked the support of substantial evidence. *See Secaida–Rosales v. INS,* 331 F.3d 297, 309–10 (2d Cir.2003) (noting that unsupported assumptions about the operations of a foreign government will not satisfy the substantial evidence standard).

■ The BIA found, alternatively, that Cao failed to provide sufficient corroborative evidence, indicating that, because there were some inconsistencies in the record, her testimony was insufficient on its own to sustain her burden of proof. Before denying a claim solely because of an applicant's failure to provide corroborating evidence, the agency must identify the absent evidence and "explain specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [the applicant's] proffered explanations for the lack of such corroboration are insufficient." *Diallo v. INS,* 232 F.3d 279, 290 (2d Cir.2000). Because the BIA failed even to identify what evidence Cao could have provided, its corroboration finding cannot support the denial of relief. *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003).

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED. Cao's pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).